TORRUELLA, Circuit Judge
(Concurring).
As the majority recognizes, this case presents very close questions and the facts here can be interpreted differently. I join the majority because the standard of review on appeal requires us to accept the district court’s findings of fact, see Arizona v. Fulminante, 499 U.S. 279, 287, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), but I find that the officers in this case came very close to stepping over the line into mental coercion territory. I write separately to emphasize that law enforcement officers ought to use great care when questioning a suspect who is suffering from a weakened mental state.
The officers in this case were aware that Hughes was a suicide risk. Although they did not know about his vulnerability to panic attacks, the defendant’s compromised mental state should have been evident when he began hyperventilating, gagging and dry heaving while lying on the floor. The officers should have refrained from the use of any misrepresentation or trickery at that point. We are faced with a situation where a physician who treated the defendant specifically warned the police that their questioning would render Hughes mentally unstable and yet they still chose to use misrepresentation as an interrogation technique. Under these circumstances, where Hughes was so unstable that he had to be involuntarily committed to a hospital for psychiatric care, the officers should have used greater care in questioning him, should have refrained from the use of trickery or misrepresentation and should have probably ceased questioning once there was an indication that he was unstable.
My colleagues correctly point out that some degree of deception and chicanery is legally permissible in certain circumstances and that the use of the same does not automatically undermine the voluntariness of a confession. United States v. Byram, 145 F.3d 405, 408 (1st Cir.1998). I do not agree, however, that the use of deception was acceptable in the circumstances of this case where the police knew or reasonably should have known that the defendant was mentally unstable. Nevertheless, I concur because the district court’s findings of fact are subject to clear error review. Fulminante, 499 U.S. at 287, 111 S.Ct. 1246. We must therefore defer to the district court’s finding that the officers neither engaged in conduct that could reasonably be perceived as intimidating nor conditioned Hughes’ ability to stay at home on his cooperation with the investigation.
*443 I would also like to emphasize that the statement that “[l]aw enforcement officers often must fight fire with fire, and some degree of deception on their part during the questioning of a suspect is permissible!,]” should not be construed as our attempt to condone police skulduggery. My colleagues clearly warn that police officers must be cautious when dealing with a suspect who has a weakened mental state.